UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **IN RE THE APPLICATION OF REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR ACCESS TO CERTAIN SEALED COURT RECORDS**<br><br>1156 15th Street NW<br>Suite 1250<br>Washington, D.C. 20005 | Misc. Action No. _____<br><br>Related to:<br>Criminal No. 1:10-cr-00181-RDB<br><br>**Oral Argument Requested** |

**APPLICATION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR PUBLIC ACCESS TO CERTAIN SEALED COURT RECORDS**

1. The Reporters Committee for Freedom of the Press (the "Reporters Committee" or "Applicant") respectfully moves this Court for an order unsealing certain court records related to the United States government's completed criminal investigation and prosecution of Thomas Andrews Drake ("Drake") (hereinafter, the "Drake Matter"). The Reporters Committee seeks to unseal any and all applications and supporting documents, including affidavits, seeking any of the following; any court orders granting or denying any of the following; and any other court records related to the following, such as returns, motions to seal, dockets and docket entries:

(a) any search warrant, regardless of whether the warrant was issued or executed, and including warrants under the Stored Communications Act ("SCA"), *see* 18 U.S.C. §§ 2701–2712, relating to the Drake Matter (collectively, the "Search Warrant Materials");

(b) authorization for the use of any pen register or trap and trace device pursuant to 18 U.S.C. §§ 3121–3127, regardless of whether such authorization was granted or a pen register or trap and trace device was used, relating to the Drake Matter (collectively, the "PR/TT Materials"); and

(c) any order pursuant to 18 U.S.C. § 2703(d) of the SCA, regardless of whether or not the order was issued or executed, related to the Drake Matter (collectively, the "Section 2703(d) Materials").

2. Upon information and belief, the materials subject to this Application were filed in a number of separate, miscellaneous matters, each of which was assigned a unique docket number. The Reporters Committee does not know and cannot ascertain based on publicly available information the docket numbers of the miscellaneous matters associated that fall within the scope of this Application.

## INTEREST OF THE APPLICANTS

3. The Reporters Committee is an unincorporated nonprofit association of reporters and editors dedicated to safeguarding the First Amendment rights and freedom of information interests of the news media and the public. The Reporters Committee has participated as a party and as *amicus curiae* in First Amendment and freedom of information litigation since 1970. The Reporters Committee frequently represents the interests of the press and the public in court cases involving access to judicial proceedings and court records.

4. The Reporters Committee, like all members of the public and the press, has a strong interest in observing and understanding the consideration and disposition of matters by federal district courts. That interest is heightened when the federal government is a party.

5. The public and the press also have a powerful interest in obtaining access to court documents concerning judicial authorization for the use of law enforcement tools that allow the government to collect or otherwise obtain electronic communications and/or electronic communications records. Where the government obtains a search warrant allowing it to collect such information, and especially where—as in the case of orders pursuant to 18 U.S.C. § 2703(d) of the SCA and orders authorizing the use of pen registers and/or trap and trace devices—no warrant is required for the government to obtain such information, judicial oversight and, in turn, public oversight of the judicial process, is necessary to guard against government overreach.

6. In addition, the public and the press have a particularly strong interest in access to court records related to the government's investigation and prosecution of Drake, a former National Security Agency ("NSA") officer who, in 2010, was indicted under the Espionage Act for charges that arose from a government investigation into his alleged encrypted email communications with a journalist.

## BACKGROUND FACTS

7. Applicant is informed and believes that Drake was an employee at the NSA from 2001 through 2008, during which time he held a Top Secret security clearance. *See* Statement of Facts, *United States v. Drake*, No. 1:10-cr-00181-RDB ("*Drake*") (D. Md. filed Jun. 10, 2011), ECF No. 158, at ¶ 1 (the "Statement of Facts").

8. On or about April 14, 2010, Drake was indicted on five counts of willful retention of national defense information in violation of 18 U.S.C. § 793(e); one count of obstruction of justice in violation of 18 U.S.C. § 1519; and four counts of making false statements in violation of 18 U.S.C. § 1001(a). *See* Indictment, *Drake* (D. Md. filed Apr. 14, 2010), ECF No. 1 (the "Indictment").

9. On or around June 10, 2011, the government decided not to pursue the ten original charges. *See* Motion to Dismiss the Indictment at the Time of Sentencing, *Drake* (D. Md. filed Jun. 10, 2011), ECF No. 155, at 2. The government and Drake entered into a plea agreement pursuant to which Drake pleaded guilty to a single count of exceeding his unauthorized use of an agency computer in violation of 18 U.S.C. § 1030(a)(B). *See* Criminal Information, *Drake* (D. Md. filed Jun. 10, 2011), ECF No. 157; Plea Agreement, *Drake* (D. Md. filed Jun. 10, 2011), ECF No. 158 ("Plea Agreement").

10. On or about July 15, 2011, the Court accepted Drake's guilty plea, sentenced him to one year of probation and 240 hours of community service, and ordered him to pay a $25 assessment. *See* Judgment, *Drake* (D. Md. filed Jul. 15, 2011), ECF No. 169.

11. According to the Statement of Facts to which Drake stipulated in connection with his plea agreement, during his employment at the NSA, Drake had access to classified computer systems, such as the NSA's internal intranet, NSANet. *See* Plea Agreement, ECF No. 158, at Statement of Facts ¶ 1. The Statement of Facts also states that Drake, from in or about February 2006 through approximately March 2007, intentionally accessed NSANet, obtained official NSA information, and provided said information orally and in writing to another person not permitted or authorized to receive the information. *Id*. at ¶ 4. According to the Indictment filed by the government, Drake used a secure email service called Hushmail to communicate with an individual identified therein as "Reporter A." *See* Indictment, ECF No. 1, at ¶ 11.

12. Multiple news stories reported that "Reporter A" was Siobhan Gorman, a former reporter for the *Baltimore Sun* who covered intelligence agencies. *See, e.g.*, Scott Shane, *Former N.S.A. Official is Charged in Leaks Case*, N.Y. Times (Apr. 15, 2010), at http://nyti.ms/1BQCo4B; Marc Ambinder, *NSA Employee Indicted for 'Trailblazer' Leaks*, The

Atlantic (Apr. 15, 2010), at https://perma.cc/RVP9-WTGN.  In 2006 and 2007, the *Baltimore Sun* published a series of articles by Gorman discussing waste and mismanagement problems at the NSA (the "Gorman Articles").  *See* Ellen Nakashima, *Former NSA Executive Thomas A. Drake May Pay High Price for Media Leak*, Wash. Post (Jul. 14, 2010), at https://perma.cc/4ABQ-7TE3; *see also* Siobhan Gorman, *Management Shortcomings Seen at NSA*, Baltimore Sun (May 6, 2007), *at* https://perma.cc/8358-AZME; Siobhan Gorman, *NSA Rejected System That Sifted Phone Data Legally*, Baltimore Sun (May 18, 2006), *at* https://perma.cc/XZP7-B82C.  News stories also reported that during his tenure at the NSA, Drake used sanctioned channels to lodge complaints about waste, mismanagement, and privacy violations at the NSA, but believed that his concerns were not addressed.  *See* Nakashima, *supra*; David Welna, *Before Snowden: The Whistleblowers Who Tried to Lift the Veil*, NPR (Jul. 22, 2014), at https://perma.cc/T7F7-GZAE.

13.     Applicant is informed and believes that, following Drake's indictment, the parties engaged in discovery; the government filed a series of status reports with the Court concerning that discovery.  In advance of a telephonic status conference scheduled for August 27, 2010, the government filed the first such status report describing discovery materials it had provided to Drake.  *See* Discovery Update, *Drake* (D. Md. filed Aug. 26, 2010), ECF No. 22, at 2–4 ("First Status Report").  That report indicates that, in the course of its investigation, the government gathered phone records, applied for and executed search warrants, gathered the results of search warrants, collected emails sent to and from Drake's NSA email address, and seized roughly fifteen computer hard drives from Drake's home.  *Id*.  Approximately one month later, in advance of a discovery status conference scheduled for September 24, 2010, the government filed a second discovery update describing outstanding discovery disputes and acknowledging

the existence of more specific categories of discovery, such as emails between Drake and Reporter A.  *See* Second Status Report, *Drake* (D. Md. filed Sep. 23, 2010), ECF No. 23, at 2–3 ("Second Status Report").  True and correct copies of the First and Second Status Reports are attached hereto as Exhibits 1 and 2, respectively.

14. The First and Second Status Reports indicate that the government sought and obtained search warrants in connection with its investigation of Drake.  *See* Exhibits 1 and 2.

15. In addition to search warrants, it is likely that the government also sought and obtained orders authorizing the use of pen registers and/or trap and trace devices, and/or orders pursuant to 18 U.S.C. § 2703(d), in connection with the Drake Matter.

16. Because the government in its Indictment and Second Status Report refer to communications between Drake and "Reporter A," those filings indicate that the government used electronic surveillance tools to obtain communications records of a journalist in connection with its investigation and prosecution of Drake.  *See generally id*.; Indictment, ECF No. 1.

17. To Applicant's knowledge, no search warrants, Section 2703(d) orders, orders authorizing the use of pen registers and/or trap and trace devices, or related material such as applications, that relate to the Drake Matter have been unsealed and placed on the public docket.

18. As explained more fully in the accompanying Memorandum of Points and Authorities, the press and the public have a right of access to these judicial records under both the First Amendment and common law.  No compelling government interest justifies the continued sealing of such records related to the Drake Matter, particularly now that the government's investigation and prosecution of Drake has concluded.

**REQUEST FOR RELIEF**

19.     The Reporters Committee seeks an order unsealing the Search Warrant Materials. Upon information and belief, each search warrant application related to the Drake Matter was assigned a unique docket number, but no listing of these docket numbers is publicly available. Accordingly, in addition to seeking unsealing of the relevant dockets, and to facilitate the Court's resolution of this Application, the Reporters Committee also requests that the United States Attorney be directed to provide a list of the docket numbers associated with the Search Warrant Materials.

20.     The Reporters Committee also seeks an Order unsealing the PR/TT Materials. Upon information and belief, each application for an order authorizing the use of a pen register or trap and trace device filed by the government related to the Drake Matter was assigned a unique docket number, but no listing of these docket numbers is publicly available. Accordingly, in addition to seeking unsealing of the relevant dockets, and to facilitate the Court's resolution of this Application, the Reporters Committee also requests that the United States Attorney be directed to provide a list of the docket numbers associated with the PR/TT Materials.

21.     The Reporters Committee also seeks an Order unsealing the Section 2703(d) Materials.  Upon information and belief, each application for an order pursuant to 18 U.S.C. § 2703(d) filed by the government related to the Drake Matter was assigned a unique docket number, but no listing of these docket numbers is publicly available.  Accordingly, in addition to seeking unsealing of the relevant dockets, and to facilitate the Court's resolution of this Application, the Reporters Committee also requests that the United States Attorney be directed to provide a list of the docket numbers associated with the Section 2703(d) Materials.

22. The Reporters Committee seeks any further relief that the Court deems just and proper.

## ORAL ARGUMENT REQUESTED

23. The Reporters Committee respectfully requests oral argument.

Dated: January 23, 2017                    Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
Bar No. 19756
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org

*Counsel for Applicant the Reporters Committee for Freedom of the Press*

Bruce Brown*
Selina MacLaren*
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310

**Of Counsel for Applicant the Reporters Committee for Freedom of the Press*

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing **APPLICATION FOR ACCESS TO CERTAIN SEALED RECORDS** as well as the supporting Memorandum of Points and Authorities and Proposed Order were filed with the Clerk of Court, and served on counsel for the following via email and U.S. Mail:

James Wyda
Deborah L. Boardman
Office of the Federal Public Defender
100 S. Charles St. Ste. 1100 Tower 2
Baltimore, MD 21201
Phone: 410.962.0872
Email: jim_wyda@fd.org
Email: deborah_boardman@fd.org
*Attorneys for Defendant*
*Thomas Andrews Drake*

John Park Pearson
United States Department of Justice
Public Integrity Section
1400 New York Ave. NW
Washington, DC 20005
Phone: 202.514.1412
Facsimile: 202.514.3003
Email: john.pearson@usdoj.gov

William Michael Welch, II
United States Department of Justice
300 State St. Ste. 230
Springfield, MA 01103
Phone: 413.785.0394
Email: william.welch3@usdoj.gov

Government Accountability Project
1612 K St. NW, Suite 1100
Washington, DC 20006
Phone: 202.457.0034
Email: andrewh@whistleblower.org

This the 23rd day of January, 2017.

                                        */s/ Katie Townsend*